JOHN JAGER, Appellant, v. THE CONEY ISLAND AND BROOKLYN
RAILROAD COMPANY, Respondent.

84h 307|
59ad619

*Damages for personal injuries — contributory negligence — duty of motorman on
electric car.*

Upon the trial of an action brought to recover damages arising from personal
injuries resulting from the defendant's alleged negligence, it was shown that
the plaintiff saw the electric car on a street surface railway by which he was
injured, approaching for a long distance, and had ample time to get out of its
way, and that if he had stood where he was when he saw the car coming he
would not have been injured, but that when the car came near he jumped in
front of it.

*Held,* that no inference of negligence on the part of the railway company could be
indulged in on account of the failure of its motorman to stop the car; that under
such circumstances there existed no necessity for signals, even were the same
ordinarily required.

APPEAL by the plaintiff, John Jager, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of the
clerk of the county of Kings on the 6th day of April, 1894, upon
the dismissal of the complaint directed by the court after a trial
before the court and a jury at the Kings County Circuit.

*Stephen B. Jacobs,* for the appellant.

*H. W. Slocum,* for the respondent.

PRATT, J.:

This is an appeal from a judgment entered at the Circuit in a
negligence case. The plaintiff was injured on defendant's railroad
track about 150 feet south of what is called Manhattan crossing by
a car going from Brooklyn to Coney Island.

The negligence it was claimed which caused the injury consisted
(1) in a high rate of speed on a public highway; (2) the absence of
signals, and (3) the absence of the motorman from his post of duty.
There was no difficulty in seeing both ways upon the track a long
distance; in fact, the plaintiff did see the car approaching for a long
distance and in ample time to get out of its way, and if he had
stood still where he was when he saw the car coming he would not
have been injured, but he says when the car got near him he
jumped in front of the car

This testimony precluded any inference of negligence in not
stopping the car, or in the motorman not being at his post; in fact,

the proof was that the motorman was at his post all the time, and a second or two before the accident he had turned on the power to increase the speed.

The plaintiff was traveling in a direction to meet the car, and had seen it, in plain view, coming towards him for a long distance; indeed, he saw it so far ahead of him that he took it for a man with a lantern, which does away with all necessity for signals, were the same required.

The criticism that the motorman was seen before the accident leaning with his back against the door is not only puerile, but it is false if it refers to the moment before the accident.

It is apparent from the facts in evidence, putting the most favorable construction on them for the plaintiff, that no negligence whatever was shown on the part of the defendant, but that the sole cause of the accident was want of care on the part of the plaintiff.

The judgment should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.